UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,

-against-

MEDITERRANEAN SHIPPING CO. (USA), INC.,
*in personam*,

          Defendant.

14 CV 6054

C/A No.

RECEIVED AUG 04 2014 U.S.D.C. S.D.N.Y. CASHIERS

COMPLAINT

Plaintiff, United States of America, through undersigned counsel, for its complaint against Defendant Mediterranean Shipping Co. (USA), Inc., shows upon information and belief:

1. This is a cargo loss and damage case within the admiralty and maritime jurisdiction of this Honorable Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff is the United States of America, a sovereign nation authorized to sue by 28 U.S.C. § 1345.

3. Defendant Mediterranean Shipping Co. (USA), Inc. (hereafter "Mediterranean") is a corporation doing business in the State of New York with an agent within this district, and at all pertinent times owned, operated, chartered, managed or otherwise controlled the vessels MSC NYASSA and MSC ROBERTA.

4. On at least 2 occasions in 2008, Mediterranean bid on and won contracts to carry cargoes of foodstuffs for foreign aid under various programs administered by the United States Agency for International Development ("AID") and the U.S. Department of Agriculture through its component the Commodity Credit Corporation ("CCC"). The food aid programs include the "Food for Peace" program under Public Law 480 (P. L. 480), the "McGovern-Dole Food for

Education" program under 7 C.F.R. § 1599, and the "Food for Progress" program under 7 C.F.R. § 1499.

5. The foodstuffs ultimately carried by Mediterranean were purchased by the CCC from commercial vendors in the midwestern United States. The cargoes were not surplus commodities. The price paid for each cargo is reflected in a "Notice of Commodity Availability," Form CCC-512, which has been provided to Mediterranean.

6. The terms under which USAID solicited bids for the ocean carriage of the food aid cargoes carried by Mediterranean were "INTERMODAL – PLANT – POINT OF ORIGIN (POO)," by which the Booking Note required that, "The cargo shall be delivered to the Carrier and loaded on the Carrier supplied conveyance (containers, trucks, trailers or rail cars) at named point of origin, free of expense to the Carrier."

7. Between July and August of 2008, the shipments of food aid described in Schedule A, attached hereto and made part hereof, were delivered to Mediterranean at Chicago, Illinois, which was the delivery point stated in the Schedule as described by the commodity provider's delivery term listed in the Booking Note. Mediterranean there accepted the shipments and agreed to transport them, first overland, and then in the vessels MSC NYASSA and MSC ROBERTA, from the Port of Newark to Durban, South Africa. At Durban, the shipments were to be delivered in the same good order and condition as when received, all in consideration of freight charges to be prepaid after the cargoes were shipped.

8. Mediterranean transported the shipments to the Port of Newark and loaded them aboard the listed vessels. After each cargo was loaded aboard a vessel, provided by Mediterranean, an Ocean Bill of Lading for each commodity was issued reflecting the quantity of cargo properly

loaded aboard the vessel and the pre-paid freight collected by Mediterranean from the CCC prior to the Vessel's sailing.

9. Then the vessels, with the shipments of food aid on board, sailed from the Port of Newark and subsequently arrived at Durban, where Mediterranean attempted to deliver the shipments; however, they were not delivered in the same good order and condition as when received and shipped, but on the contrary were shortlanded and damaged, all in breach of the contracts of carriage and of Mediterranean's duties and obligations as a carrier of merchandise by water for hire. These marine losses are described in survey reports compiled by independent surveyors who attended the discharges of the vessels for the CCC. The survey reports were provided to Mediterranean.

10. After all of the claims documentation was received, Claims Examiners at the CCC reviewed the shipping documentation and the survey reports to determine the value of the "program losses," compile a "Statement of Loss" for each Bill of Lading not fully delivered, and pursue recoveries from the carrier. After Mediterranean had received its pre-paid freight, a "delivered cost" for a unit weight of each cargo was calculated by multiplying the original quantity of the cargo by its unit cost, adding the prepaid freight, and dividing by the original quantity. This "delivered cost" was then multiplied by the quantity of cargo lost and/or damaged in transit, as detailed in the pertinent survey report, to yield the monetary claim advanced herein. The calculations are detailed in Schedule A, attached hereto.

11. The Statements of Loss, compiled as Exhibit B, were delivered to Mediterranean as soon as they were finalized, along with all survey reports, worksheets, tally sheets, and supporting documentation describing the voyages. None of the claims attached here were ever paid, however.

12. The United States, and all parties to the contracts for whom the United States may be responsible, have satisfactorily performed all requirements under the terms and conditions of the contracts of affreightment.

13. By reason of the foregoing, Plaintiff United States sustained damages totaling $12,072.55, calculated by summing the value of the lost and damaged cargo from both voyages. This sum has not been paid by Mediterranean, although duly demanded, and remains owing to the CCC.

WHEREFORE, Plaintiff United States prays:

1. That Defendant Mediterranean Shipping Co. (USA), Inc., be summoned to answer this Complaint;

2. That judgment be entered in favor of Plaintiff United States for the amount of the claim, with interest and costs; and

3. That Plaintiff United States have such further relief as may be just and proper.

Dated: August 1, 2014

        Respectfully submitted,

        STUART F. DELERY
        Assistant Attorney General

        PREET BHARARA
        United States Attorney

        _____
        PETER G. MYER
        Senior Admiralty Counsel
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box 14271
        Washington, DC 20044-4271

        Attorneys for the United States

Please Serve:

Mediterranean Shipping Co. (USA), Inc.
c/o The Corporation Trust Co.
277 Park Ave.
New York, New York 10017